UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICHARD CHARLES HARRIS                    CIVIL ACTION NO. 06-1683

VERSUS                                    **REFERRED TO:**

U.S. COMMISSIONER SOCIAL                  **MAGISTRATE JUDGE HORNSBY**
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

Richard Harris ("Plaintiff") applied for disability benefits based on alleged limitations related to degenerative joint disease involving his fingers, wrists and legs. Plaintiff, who has a 12th-grade education and past work experience as a furniture deliverer, was 48 years old at the time of his hearing before ALJ W. Thomas Bundy. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the demands of sedentary work, reduced by an inability to perform overhead reaching. A vocational expert ("VE") testified that a person with that RFC and Plaintiff's age, education and work experience was capable of performing available jobs such as finisher, assembler, or various receptionist/information clerk type jobs. Tr. 106-11. Plaintiff did not take advantage of the opportunity to offer written comments, submit questions or request a supplemental hearing with regard to the VE's testimony. The ALJ, based on the VE's testimony and using the Guidelines as a framework, found at step five of the sequential analysis that Plaintiff was not disabled.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent

to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

Plaintiff complains that the agency decision is erroneous because the question posed to the VE did not incorporate any handling or fingering limitations. Testimony from a VE may provide substantial evidence with respect to the inquiries at step five, but reversal may be required if the ALJ poses a defective hypothetical question to the VE. "Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question), a determination of non-disability based on such a defective question cannot stand." Bolling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). See also Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001).

Dr. Mohammad Burney conducted a consultative examination in December 2004. Plaintiff was then complaining primarily of pain in his shoulders and wrists, and he had a history of multiple surgeries to his shoulders and injections to his right wrist region with a planned surgery for the right wrist. He was then receiving occupational therapy for the wrist.

Plaintiff rated his pain at three or four out of 10, and he reported significant numbness and loss of strength in his right hand. Plaintiff was working a couple of hours a day doing housekeeping in a grocery store at that time, but he reported that it caused significant pain. Plaintiff also reported that he engaged in typical daily activities and household chores.

Dr. Burney observed that Plaintiff "has extremely poor effort in terms of gripping to bilateral hands as well as extremely poor effort in terms of pinch to bilateral hands." Dr. Burney's assessment of work-related functions was "No restrictions. Sitting, standing, walking, lifting no greater than 15 pounds. No limitation of gross motor function to bilateral upper extremities. Restriction to fine motor function while undergoing occupational therapy at this time." Tr. 198-200.

Several months later, in July 2005, Plaintiff was seen at the LSUHSC Rehabilitation Services Department. Plaintiff demonstrated a significantly reduced grip/pinch ability and indicated significant sensory deficits, but the medical records note that the results were of "questionable validity." Tr. 210-11. A carpal tunnel release surgery was scheduled.

In the course of discussing a listing, the ALJ addressed Plaintiff's ability to perform fine and gross movements with his upper extremities, including grasping and fingering. He observed that such abilities are necessary to carrying out the activities of daily living, and are performed in association with tasks such as preparing meals, caring for personal hygiene, and handling papers or files. Plaintiff lived on his own and was able to perform some housekeeping work on a part-time schedule. His duties included sweeping and mopping,

which the ALJ observed would require significant strength in the arms and hands. That work did not constitute substantial gainful activity but, in conjunction with the medical records, it persuaded the ALJ that Plaintiff had "some limitations involving his upper extremities, but he retains the ability to perform fine and gross movements effectively as defined in the Act." Tr. 23-24.

This court must affirm the ALJ's decision if it is based on substantial evidence, which means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Muse v. Sullivan, 925 F.2d 785-789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings that support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988). Reasonable minds might disagree as to whether the ALJ was correct in his assessment of Plaintiff's ability to engage in fingering and gripping activities, but there was also evidence in the form of Dr. Burney's report, doubts about the validity of tests indicating greater limitations, and daily activities, that a reasonable mind could accept as adequate to determine that Plaintiff was not significantly limited in his ability to grip and pinch in connection with sedentary work. Furthermore, Plaintiff did not question the RFC employed in the question to the VE when he had the opportunity to do so during the administrative proceedings. For these reasons, a judgment will be entered affirming the Commissioner's decision to deny benefits.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of February, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE